UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Petitioner,

                              REPORT AND
      v.                             RECOMMENDATION
                               06-MC-401(SJ)

SAMUEL J. GIBSON,

                Respondent.
------------------------------------------------------------X
Gold, S., United States Magistrate Judge:

      By notice of motion dated October 17, 2006, Docket Entry 9, the United States seeks entry of an order of civil contempt against respondent Samuel J. Gibson. The government's motion is prompted by Gibson's repeated failures to testify and produce documents in response to a summons issued by the Internal Revenue Service (the "IRS"), even when ordered by the court to do so.

      The government commenced this proceeding on August 2, 2006, by filing a petition to enforce an IRS summons. Docket Entry 1. The government's petition was referred to me by Senior United States District Judge Sterling Johnson, Jr., on August 9, 2006. Docket Entry 3. I then issued an order directing Gibson to appear before the Court on September 5, 2006, and show cause why he should not be compelled to testify and produce documents in response to the IRS summons. Docket Entry 4. Gibson failed to appear as directed or otherwise respond to the order. Although the court attempted to reach Gibson by telephone, the effort was unsuccessful. *See* Minute Entry of proceedings held on September 5, 2006. Upon Gibson's failure to appear on September 5, I issued an order dated September 6, 2006 (the "Order"), directing that he appear before the IRS to testify and produce certain documents on September 26, 2006. Docket Entry 7.

      The government has submitted the declaration of Revenue Officer Lawrence R. Engel in

support of its pending motion for civil contempt sanctions. Docket Entry 11. In his declaration, Revenue Officer Engel reports that Gibson telephoned him on September 26 and stated he would not be appearing because he was ill, and that Gibson has not since produced any documents or arranged to appear. *Id.*, ¶¶ 7-8.

The government now seeks an order finding Gibson in civil contempt and ordering him to pay a fine of $100.00 per day until he complies with the Order. Contempt sanctions are applicable in IRS summons enforcement proceedings. *See* 26 U.S.C. § 7604(b). A finding of contempt is proper if "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Paramedics Electromedicina Comercial, LTDA v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645, 655 (2d Cir. 2004), *quoting King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995).

The Order was clear and unambiguous; it simply directed Gibson to appear to testify and produce documents. It is also clear that Gibson was aware of the order and what it required, because he called Revenue Officer Engel to report that he would not be complying. Finally, Gibson did not appear at the hearing I scheduled for September 5, 2006, did not attempt to make alternate arrangements to testify or produce documents, and has not responded to the government's pending motion. I therefore conclude that he has not "diligently attempted to comply in a reasonable manner."

Although the government has made its motion returnable before me, a Magistrate Judge's civil contempt authority is limited to civil consent and misdemeanor cases. *See* 28 U.S.C. § 636(e)(4). Accordingly, rather than decide the motion, I respectfully recommend that respondent Gibson be held in civil contempt and ordered to pay a fine of $100.00 per day until he

complies with the Order unless he makes arrangements to testify and produce documents on a date acceptable to the government within the time to file objections to this report.

Any objections to the recommendations contained in this report must be served and filed with the Clerk of the Court and the chambers of the Honorable Sterling Johnson, Jr., within ten days of receipt of this report, and in any event no later than December 1, 2006. Failure to object to this report may waive the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72; Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989). The government is directed to serve a copy of this report and recommendation upon respondent at his last known address and to provide proof of service to the court.

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
November 10, 2006

C:\MyFiles\Gibsoncontempt111006.wpd