UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
UNITED STATES OF AMERICA,

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

Plaintiff,

06 MC 401 (SJ)(SMG)

-against-

SAMUEL J. GIBSON,

Defendant.
--------------------------------------------------------X
A P P E A R A N C E S


UNITED STATES ATTORNEY'S OFFICE
Eastern District of New York
610 Federal Plaza
Central Islip , NY 11722
BY:     Kevin Patrick Mulry
        Margot P. Schoenborn
Attorneys for Plaintiff.


SAMUEL J. GIBSON, PRO SE
100-12 201st Street
Hollis, New York 11423
BY:     PRO SE


JOHNSON, Senior District Judge:

        The United States brought the instant action on August 2, 2006, requesting that

this Court enforce a summons issued by the Internal Revenue Service ("IRS") against

Samuel J. Gibson ("Gibson"), arising out of an IRS investigation into Gibson's tax liability for the following tax years: 1992, 1993, 1994, and 1995. On August 9, 2006, this Court referred this matter to Chief Magistrate Judge Steven M. Gold. On August 15, 2006, Judge Gold issued an order to show cause, directing Gibson to show cause on September 5, 2006 why he should not be compelled to give the testimony and to produce the books, records, and papers sought by the IRS. Gibson failed to appear before Judge Gold on September 5, 2006. On September 6, 2006, Judge Gold issued an order directing Gibson to appear before the IRS to testify and to produce the documents sought by the IRS on September 26, 2006 ("September 6 Order"). Gibson failed to comply with the September 6 Order and has not otherwise complied with the IRS summons requiring him to testify and produce documents for the investigation. As a result, the government moved this Court for an order finding Gibson in civil contempt and ordering him to pay a fine of $100.00 per day until he complies with the September 6 Order. Judge Gold then issued a report and recommendation to this Court, recommending that Gibson be held in civil contempt and ordered to pay a fine of $100.00 per day until he complies with the September 6 Order ("the Report"). Neither party filed any objections to the Report and the time to do so has now expired.

A district court judge may designate a magistrate to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within ten days of service of the recommendation, any party may file written objections

to the magistrate's report.  See id.  Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations.  See id.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections may waive the right to appeal this Court's Order.  See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

In this case, no objections to the Report were filed with this Court.  Upon review of the Report's recommendations, this Court adopts and affirms Magistrate Judge Gold's Report in its entirety.  Gibson is found to be in civil contempt and is ordered to pay a fine of $100.00 per day, beginning on the date of this order, and continuing until he complies with Judge Gold's September 6 Order.


SO ORDERED.

Dated: Brooklyn, New York              _____/s/_____
          February  18 , 2009                        Sterling Johnson, Jr.
                                                     U.S.D.J.